UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS BRITTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20-cv-1032-JBM |
| | ) | |
| WARDEN MELVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW**

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging inhumane conditions of confinement at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has filed a lengthy complaint against 11 Defendants, attaching 125 pages of exhibits. These numerous exhibits were not reviewed, as they are not necessary in determining whether Plaintiff may proceed in this complaint. *See Fitzgerald v. Dep't of Corr.*, 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (declining at merit review to review exhibits not necessary to the complaint). "Neither this court nor respondents are required to compare

hundreds of documents with petitioner's complaint to determine what claims he may have." *Id*. at *2. *See also, Rahn v. Bd. of Trustees of N. Illinois Univ.*, 803 F.3d 285, 294 (7th Cir. 2015) (declining to "root" through voluminous documents "to make plaintiff's case for him….Judges are not like pigs, hunting for truffles buried in the briefs." *Id*. at 294 citing *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).

Plaintiff alleges that in August 2016 he was transferred to Pontiac, where Defendant Melvin was the Warden. Plaintiff alleges that he was placed in a segregation cell that was infested with mice, bugs, roaches, and leeches. Plaintiff asserts that subsequently, the 10 other Defendants subjected him to inhumane conditions and did not provide him cleaning supplies. Plaintiff does not identify the dates of any of these occurrences and it is clear that the allegations as to Defendant Melvin and perhaps others, are outside the applicable statute of limitations. "In Illinois, the statute of limitations period for § 1983 claims is two years." *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011); 735 ILCS 5/13-201. *See Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") *See also, Davenport v. Dovgin*, 545 Fed.Appx. 535, 538 (7th Cir. 2013). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired."

Plaintiff will be given an opportunity to replead any claims which occurred within two years of his January 22, 2021 complaint, or any claims which occurred prior and were still in the grievance administrative review process. *See Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001) (the statute of limitations will be tolled during the time the time a plaintiff is exhausting related administrative remedies ).

Plaintiff claims, further, that he had had pain and a knot in his testicle for three years before it was surgically corrected. After the surgery, Plaintiff was allegedly placed back in a dirty cell. Here, it is not clear, whether Plaintiff is asserting another incident of inhumane conditions of confinement or whether he is asserting a deliberate indifference claim. If deliberate indifference, this claim is unrelated to, and misjoined with, the conditions of confinement claim. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008) (defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law.)

There is the additional issue that Plaintiff is currently litigating this same deliberate indifference claim in another lawsuit, *Britton v. Kennedy*, No. 20-1166 (C.D. Ill. April 20, 2020). *See* June 25, 2020 Merit Review Order [ECF 6]. If there is a final judgment on this issue in the other case, Plaintiff will be precluded from relitigating it here. *See Dunlap v. Nestle USA, Inc.,* 431 F.3d 1015, 1018 (7th Cir.2005) (identifying circumstances under which "collateral estoppel applies and an issue litigated in a prior proceeding may not be re-litigated…")

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims consistent with the instructions provided herein. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a

prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

      2.      Plaintiff files [5], a motion for recruitment of *pro bono* counsel, asserting that he has a thumb injury and is unable to draft pleadings, motions and responses. The Court notes, however, that Plaintiff has drafted a lengthy complaint and, in addition, several motions. Regardless, counsel will not be recruited for Plaintiff absent a showing that he made efforts to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel. Plaintiff's motion for status [8] is rendered MOOT by this order.

ENTERED this 23rd day of April, 2021.

                                                           s/Joe Billy McDade
                                                           JOE BILLY McDADE
                                             UNITED STATES DISTRICT JUDGE